J-S42044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON TOOLE, | : | |
| | : | |
| Appellant | : | No. 2760 EDA 2018 |

Appeal from the PCRA Order Entered August 28, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003352-2012,
CP-51-CR-0003353-2012

BEFORE:   OTT, J., KUNSELMAN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                    **FILED NOVEMBER 27, 2019**

Appellant, Aaron Toole, appeals, *pro se*, from the order entered August 28, 2018 dismissing his first petition filed under the Post Conviction Relief Act (PCRA) in two criminal cases.[1]  After review, we quash this appeal.

On January 23, 2012, Zahyir Blake and Rashi Anderson were fired upon with handguns by two men they encountered while walking along Chelten Avenue in Philadelphia.  Blake suffered a gunshot wound to the leg and survived, but Anderson died from the gunshot wounds.  Blake later identified Appellant, who he knew from high school, as one of the shooters to the police.

Appellant was charged at docket number CP-51-CR-0003352-2012 (No. 3352-12) with first-degree murder related to the death of Anderson,

---

[1] 42 Pa.C.S. §§ 9541–9546.

*   Retired Senior Judge assigned to the Superior Court.

conspiracy to commit first-degree murder, carrying a firearm without a license, carrying a firearm in public in Philadelphia, possessing the instrument of a crime with intent to employ, and recklessly endangering another person.[2] Appellant was separately charged at docket number CP-51-CR-0003353-2012 (No. 3353-12) with attempted first-degree murder with respect to the shooting of Blake, as well as aggravated assault, simple assault, recklessly endangering another person, and conspiracy.[3]

On November 18, 2014, Appellant was convicted following a jury trial of first-degree murder, conspiracy, carrying a firearm without a license, carrying a firearm in public in Philadelphia, and possessing an instrument of a crime at No. 3352-12 and attempted first-degree murder and aggravated assault at No. 3353-12. The remaining charges were *nolle prossed*. On January 15, 2014, Appellant was sentenced to a term of life imprisonment without the possibility of parole on the first-degree murder charge at No. 3352-12 and a consecutive sentence of 20 to 40 years of imprisonment on the aggravated assault conviction at No. 3353-12.[4] Appellant filed a timely *pro se* notice of appeal, but discontinued the appeal on May 19, 2015.

---

[2] 18 Pa.C.S. §§ 2502(a), 903, 6106(a)(1), 6108, 907(a), and 2705, respectively.

[3] 18 Pa.C.S. §§ 901(a), 2702(a), 2701(a), 2705, and 903, respectively.

[4] Appellant also received sentences of 10 to 20 years of imprisonment on the conspiracy charge and 3 ½ to 7 years of imprisonment on the carrying a firearm without a license charge at No. 3352-12, which were designated to run concurrently with the sentence of life imprisonment. No further penalty was imposed for the remaining charges.

On March 3, 2016, Appellant filed, *pro se*, the instant PCRA petition pertaining to his convictions at No. 3352-12 and No. 3353-12. Stephen O'Hanlon, Esq., was appointed as counsel for Appellant, and, on May 1, 2016, Attorney O'Hanlon filed a petition to withdraw as counsel and a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted counsel's petition to withdraw and directed that James A. Lammendola, Esq., be appointed as new counsel for Appellant. On March 17, 2017, Attorney Lammendola filed an amended PCRA petition. On August 15, 2017, Appellant filed a motion to proceed *pro se*. On August 25, 2017, the PCRA court conducted a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). At the hearing, the PCRA court permitted Attorney Lammendola to withdraw and Appellant to proceed *pro se*.

On October 27, 2017, Appellant filed a *pro se* amended PCRA petition. On October 31, 2017, the PCRA court filed a notice of intent to dismiss the PCRA petition without a hearing because the issues raised were without merit. On June 7, 2018, the Commonwealth filed a motion to dismiss the PCRA petition, and Appellant filed a *pro se* response to this motion. On August 28, 2018, the PCRA court entered an order dismissing the PCRA petition for lack

of merit. Appellant filed a timely notice of appeal of that order bearing the docket numbers for both cases.[5,6]

Before we reach the merits of the appeal, we must first determine whether this appeal must be quashed pursuant to Rule of Appellate Procedure 341(a) and **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), because Appellant filed only one notice of appeal attempting to appeal two criminal cases. On March 5, 2019, this Court issued a rule directing Appellant to show cause why his appeal should not be quashed in light of our Supreme Court's ruling in **Walker**. Appellant filed a response, and on April 3, 2019, this Court

_____

[5] Appellant filed his statement of errors complained of on appeal on October 5, 2018. The trial court filed its opinion on December 10, 2018.

[6] Subsequent to Appellant's filing of his appeal in this Court, Attorney Lammendola sought to withdraw as counsel in this appeal, but this Court denied the application because the PCRA court's dockets did not reflect that Attorney Lammendola had been permitted to withdraw. Attorney Lammendola then sought leave to withdraw below, and on December 19, 2018, the PCRA court entered an order granting Attorney Lammendola's application to withdraw and clarifying that a **Grazier** hearing was held on August 25, 2017 at which Appellant was permitted to proceed *pro se* and Attorney Lammendola was permitted to withdraw. However, in its order, the PCRA court also directed that new counsel be appointed for Appellant. In this Court's September 9, 2019 memorandum decision, we remanded to allow the PCRA court to notify this Court in writing whether new counsel was being appointed for Appellant or whether Appellant was proceeding *pro se* on appeal and to update the relevant dockets. **Commonwealth v. Toole**, No. 2760 EDA 2018, unpublished memorandum at 5 (Pa. Super. filed September 9, 2019). On September 23, 2019, the PCRA court notified this Court that it had appointed new PCRA counsel to represent Appellant, enclosed a copy of the updated docket sheets, and new PCRA counsel subsequently entered an appearance for Appellant in this Court.

entered an order discharging the rule, but stating that the merits panel may revisit the issue of whether Appellant's notice of appeal violated **Walker**.

Rule 341(a) provides in relevant part that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). In 2013, the Official Note of Rule 341 was amended to provide the following clarification regarding compliance with Rule 341(a):

> Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. **Commonwealth v. C.M.K.**, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

In **Walker**, the Commonwealth filed a single notice of appeal from an order that disposed of four motions to suppress filed by four separate defendants at four docket numbers. 185 A.3d at 971. The Court noted that the Pennsylvania appellate courts had historically declined to quash a single notice of appeal filed to challenge multiple appealable orders, but concluded that the 2013 amendment to the Official Note of 341 establishes "a bright-line mandatory instruction to petitioners to file separate notices of appeal." **Id.** at 974-77. Thus, the Court held that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." **Id.** at 977. The Court stated that the failure to comply with this rule requires the quashal of an appeal prospectively from the date of that decision. **Id.** at 977. Following **Walker**, this Court has quashed appeals in cases where

the appellant filed a single notice of appeal from an order that resolved issues on more than one docket. *See C.T.E. v. D.S.E.*, 216 A.3d 296, 299 (Pa. Super. 2019); *Commonwealth v. Nichols*, 208 A.3d 1087, 1090 (Pa. Super. 2019); *Commonwealth v. Williams*, 206 A.3d 573, 576 (Pa. Super. 2019).

In the present matter, Appellant's PCRA petition and amended PCRA petition challenged Appellant's convictions at two docket numbers. The PCRA court's August 28, 2018 order dismissing Appellant's amended PCRA petition was entered on both dockets, but Appellant filed only one notice of appeal listing both docket numbers. Furthermore, Appellant's notice of appeal was filed on September, 19, 2018, after the date that the *Walker* decision was issued, and therefore the rule in *Walker* is applicable herein.

In his response to the rule to show cause, Appellant concedes that he filed a single notice of appeal from the PCRA court order disposing of his PCRA petition at two docket numbers. Response to Rule to Show Cause, 3/14/19, ¶3. Nevertheless, Appellant argues that the two cases were consolidated at the trial court with all filings containing both docket numbers and that he would have filed two notices of appeal had the PCRA court issued separate orders dismissing his PCRA petition.[7] *Id.* ¶¶1-3. However, as this Court has

---

[7] Appellant cites in his response to the rule to show cause that the PCRA court's Rule of Appellate Procedure 1925(b) order directed him to file "**a** Concise **Statement** of Errors Complained of on Appeal" within 21 days. *See* Response to Rule to Show Cause ¶¶2-3; Order, 9/27/18 (emphasis added). In *Commonwealth v. Stansbury*, ____ A.3d ____, 2019 PA Super 274 (filed September 5, 2019), this Court recognized an exception to *Walker* where the

- 6 -

noted, **Walker** created a bright-line rule requiring quashal of a notice of appeal challenging issues on two or more dockets regardless of whether those cases were consolidated below. **C.T.E.**, 216 A.3d at 299 n.5.

Appellant additionally noted in his response that he represented himself, and therefore he requests that this Court permit the appeal to proceed or remand to allow him to file corrected notices of appeal. Response to Rule to Show Cause, 3/14/19, ¶5. This argument is similarly unavailing. A litigant's *pro se* status does not entitle to him any advantage, and he is not excused from compliance with the Rules of Appellate Procedure. **Commonwealth v. Ray**, 134 A.3d 1109, 1114-15 (Pa. Super. 2016); **see also Williams**, 206 A.3d at 576 (quashing notice of appeal filed by *pro se* PCRA petitioner pursuant to **Walker**).[8]

_____

appeal instructions in the order being appealed directed the appellant to file "**a** written **notice** of appeal," interpreting the trial court's instruction that the appellant file a singular notice of appeal from an order resolving issues on more than docket as a breakdown in the court system because it misled him to believe that only one notice of appeal needed to be filed. **Id.** at 3, 6-7 (emphasis in original). **Stansbury** is inapplicable in the present case because the Rule 1925(b) order was issued after Appellant filed his single notice of appeal. In addition, the August 28, 2018 PCRA court order that Appellant has appealed did not contain faulty instructions that Appellant could appeal the order by filing a single notice of appeal as in **Stansbury**.

[8] We note that, while Attorney Lammendola remained Appellant's attorney-of-record as of the date that Appellant filed his *pro se* appeal, the PCRA court clarified in its December 19, 2018 order that Appellant had been permitted to proceed *pro se* at the August 25, 2017 **Grazier** hearing. Appellant does not now argue that Attorney Lammendola was his lawyer in September 2018 when he filed his notice of appeal. Furthermore, the PCRA court was required to docket Appellant's *pro se* notice of appeal and transfer it to this Court even

Accordingly, because Appellant filed a single notice of appeal from an order resolving issues pertaining to more than one docket, we must quash Appellant's appeal pursuant to *Walker*.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/19

---

though Appellant was technically represented by counsel at the time the appeal was filed. *Commonwealth v. Williams*, 151 A.3d 621, 624 (Pa. Super. 2016).